

NUMBER 13-11-00729-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

KENNETH HICKMAN,                                                                    APPELLANT,

v.

TDCJ, ET AL.,                                                                       APPELLEES.

On Appeal from the 343rd District Court
of Bee County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion Per Curiam

Appellant, Kenneth Hickman, attemped to perfect an appeal from an order signed on November 8, 2011, in trial court cause no. B-10-1325-CV-C. Upon review of the documents before the Court, it appeared that the order from which this appeal was taken was not an appealable order. On November 22, 2011, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be

done.  *See* TEX. R. APP. P. 37.1, 42.3.   Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of the notice, the appeal would be dismissed for want of jurisdiction.   Appellant responded that he is taking an interlocutory appeal which is related to a plea to the jurisdiction made by a governing unit, the Texas Department of Criminal Justice.   See TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5) (permitting appeal of interlocutory order granting or denying plea to the jurisdiction filed by a governmental unit).

Review of the record indicates that the order signed on November 8, 2011 is not an order granting or denying a plea to the jurisdiction, but is rather an order dismissing appellant's claims, in part, as frivolous under Chapter 14 of the Texas Civil Practice and Remedies Code.   *See id.* § 14.003(a)(2).   Appellate courts only have jurisdiction to review final judgments and certain interlocutory orders identified by statute.   *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).   Chapter 14 specifically states that an order that dismisses a claim "is not subject to interlocutory appeal by the inmate."   TEX. CIV. PRAC. & REM. CODE ANN. § 14.010(c).

The Court, having fully considered the documents on file, is of the opinion that the appeal should be dismissed for want of jurisdiction.   Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION.   *See* TEX. R. APP. P. 42.3(a).   All pending motions are likewise DISMISSED FOR WANT OF JURISDICTION.


PER CURIAM

Delivered and filed the
23rd day of February, 2012.


2